```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
PAUL PIERCE,                         :
                    Plaintiff,       :
                                     :   06 Civ. 5456 (DLC)
        -v-                          :
                                     :   MEMORANDUM
GIRL SCOUT OF GREATER NEW YORK, INC.,:   OPINION & ORDER
MARY ELLEN McROARY, AURORA RODRIGUEZ,:
and DOES 1-10,                       :
                    Defendants.      :
                                     :
-------------------------------------X
```

DENISE COTE, District Judge:

Defendants have moved for a protective order to require the plaintiff to return a single privileged document inadvertently produced in discovery. The motion is granted.

The document, an e-mail inquiry seeking legal advice and the response from the defendants' counsel in mid-September 2004, is a privileged communication. The defendants have shown that, in the context of the issues presented, the volume of discovery, and the complexity of this case, they used a reasonable degree of care to prevent inadvertent disclosure of privileged communications, and acted promptly to rectify the error in making the disclosure when they learned of the error. They have also shown that plaintiff's counsel agreed to destroy and not use the document when first contacted by defense counsel about the inadvertent disclosure on January 4, 2007. That agreement was confirmed by written communications to plaintiff's counsel on January 4 and 9, and February 5.

Plaintiff's counsel first gave written notice that he took the position that the document was not privileged and that he had not agreed to destroy it in a letter of February 18 concerning a proposed confidentiality stipulation. Even if that change in position was made in good faith, the defendants have shown that they are entitled to a protective order given that the document is privileged and was inadvertently produced.

The defendants have also moved for sanctions. That application is largely based on the fact that plaintiff's counsel had initially agreed to destroy the document and is now denying that he ever made such a commitment. The documentary record here strongly supports the defendants' recitation of events. Because there remains a possibility, albeit slim, that counsel misunderstood each other, the motion for sanctions is denied. Accordingly, it is hereby

ORDERED that plaintiff and his counsel shall immediately destroy the privileged document, all copies of it, and all notes about its contents.

IT IS FURTHER ORDERED that the motion for sanctions is denied.

SO ORDERED:

Dated:   New York, New York
         March 9, 2007

                                    _____
                                    DENISE COTE
                                    United States District Judge

2